**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROGER WALLACE HENDERSON** | § | |
| **#649974** | § | |
| | § | |
| **V.** | § | **A-16-CA-618-LY** |
| | § | |
| **BASTROP COUNTY SHERIFF TERRY** | § | |
| **PICKERING, DEBIT CARD COMPANY** | § | |
| **USED BY COUNTY JAIL, and** | § | |
| **MONEY DEPOSIT VENDING MACHINE** | § | |
| **COMPANY USED BY COUNTY JAIL** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates,

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was incarcerated in the Larry Gist Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff alleges he was previously housed in the Bastrop County Jail. Plaintiff complains when his family deposited money into his jail account in Bastrop County, the money vending machine charged $10 from a $100 deposit and $6 from a $20 deposit. When Plaintiff was released from the Bastrop County Jail,

Plaintiff asserts he was given a debit card with his jail account balance.  Plaintiff asserts every time he used the debit card, he was charged an additional fee.  According to Plaintiff, the debit card was the only option to receive his money from the Bastrop County Jail.

Plaintiff sues Bastrop County Sheriff Terry Pickering, the debit card company, and the money deposit vending machine company.  He wishes to stop the "illegal practices" at the Bastrop County Jail and $50,000 in damages.

<u>DISCUSSION AND ANALYSIS</u>

Federal courts are courts of limited jurisdiction.  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir.), <u>cert. denied</u>, 534 U.S. 993 (2001).

Plaintiff asserts no federal statutory or constitutional basis for this suit based on the handling of the balance of his jail account.  His claims, if any, appear to arise under state law.  Federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.  In this case, Plaintiff does not allege the diversity of citizenship necessary to proceed under § 1332.  Plaintiff's recourse is not to file suit in federal court.  Rather, he must avail himself of the procedures available to him under state law.

Moreover, Plaintiff's claims for injunctive relief are moot, because he is no longer incarcerated in the Bastrop County Jail.  <u>Biliski v. Harborth</u>, 55 F.3d 160 (5th Cir. 1995) (dismissing

as moot plaintiff's request for a transfer from a county jail due to plaintiff's subsequent transfer to the TDCJ).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for want of jurisdiction.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 8th day of June, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE